**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SIMEON BANKS, ) | CASE NO. 5:19 CV 2651 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ORVIS CAMPBELL, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Simeon Banks filed this action under 42 U.S.C. § 1983 against Tuscarawas County Sheriff Orvis Campbell, Tuscarawas County Jail Administrator Lt. Ken Engstrom, and the Tuscarawas County Jail Food and Services Director. In the Complaint, Plaintiff alleges Engstrom asked him to provide verification of his Muslim religious beliefs before providing him with a pork-free diet. He seeks injunctive and monetary relief.

**I.     Background**

Plaintiff is incarcerated in the Tuscarawas County Jail. He indicates he sent a kite to Engstrom indicating that he is a Muslim and that he was not receiving a pork-free diet. Engstrom responded to the kite by indicating that they have a number of inmates who claim to be Muslim to obtain a special diet and requesting that Plaintiff verify his religious preference by

providing the name of the Mosque he attended and the name of his religious leader. Plaintiff sent another kite to Engstrom suggesting the request for verification was a violation of his constitutional rights. Engstrom responded that during a previous detention Plaintiff had admitted that he did not like pork and identified as a Christian. He stated he was asking for verification to ascertain whether Plaintiff's request was motivated by his sincerely held religious belief or whether it was merely a food preference. Plaintiff indicated he been a Muslim while incarcerated in the Grafton Correctional Institution and suggested that his religious affiliation could be verified that way.

Plaintiff has now filed this action claiming the Defendants' request for verification of his religious preference violated his First Amendment right to freely practice his religion. Fourteen days after he filed this Complaint, Plaintiff filed a Notice indicating that the Defendants accommodated his request for a pork-free diet.

## II.     Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction

is divested by unsubstantial claims).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    Analysis**

As an initial matter, Plaintiff does not include any allegations against Campbell or the Food Services Director. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint is very brief. Plaintiff objects to Engstrom's request that he verify his religious affiliation before granting his request for a special diet. There are no allegations that reasonably associate the Sheriff or the Food and Services Director to any of the claims set forth by Plaintiff.

Furthermore, Plaintiff's claim against Engstrom for injunctive relief is moot. He

contends the Defendants accommodated his dietary requests after the filing of this Complaint.

Plaintiff fails to state a claim against Engstrom for monetary damages. Prisoners are entitled to the protection of the First Amendment, including the Free ExerciseCclause. *O'Lone v. Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). However, an inmate's constitutionally protected rights, including his First Amendment rights, must be balanced against the institution's need to maintain security and order within the prison. In *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the Supreme Court held that prison regulations may infringe on a prisoner's constitutional rights as long as they are rationally related to a legitimate penological concern. In the context of the First Amendment free exercise clause, "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.' " *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001), quoting, *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir.1987). "A religious belief which is not sincerely held or a belief which is purely secular does not require the prison to consider accommodation." *Beebe v. Birkett*, 749 F. Supp. 2d 580, 593 (E.D. Mich. 2010), citing, *Mosier v. Maynard, D.O.C.*, 937 F.2d 1521, 1526 (10th Cir.1991). In this case, Engstrom did not deny the request. He asked for clarification of the sincerity of the belief to determine whether the request for a special diet was an accommodation of a religious belief or whether it was a secular dietary preference. That inquiry alone did not violate Plaintiff's First Amendment rights.

### IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                        s/John R. Adams 3/31/20
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.